UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

DISABLED PATRIOTS OF AMERICA, INC., a
Florida Not for Profit Corporation, and RUDOLPH
BETANCOURT, Individually,

    Plaintiffs,
vs.                                                                      Case No.

ASHFORD FT. LAUDERDALE WESTON I LLC,
a Delaware Limited Liability Company, d/b/a
Courtyard by Marriott Fort Lauderdale Weston, and
ASHFORD FT. LAUDERDALE WESTON II LLC,
a Delaware Limited Liability Company, d/b/a
Courtyard by Marriott Fort Lauderdale Weston, and
ASHFORD FT. LAUDERDALE WESTON III LLC,
a Delaware Limited Liability Company, d/b/a
Courtyard by Marriott Fort Lauderdale Weston,

    Defendants.
_____/

## **COMPLAINT**
(For Injunctive Relief)

    Plaintiffs, DISABLED PATRIOTS OF AMERICA, INC., a Florida Not for Profit Corporation, and RUDOLPH BETANCOURT, Individually, on their behalf and on behalf of all other mobility-impaired individuals similarly situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendants, ASHFORD FT. LAUDERDALE WESTON I LLC, a Delaware Limited Liability Company, d/b/a Courtyard by Marriott Fort Lauderdale Weston, and ASHFORD FT. LAUDERDALE WESTON II LLC, a Delaware Limited Liability Company, d/b/a Courtyard by Marriott Fort Lauderdale Weston, and ASHFORD FT. LAUDERDALE WESTON III LLC, a Delaware Limited Liability Company, d/b/a Courtyard by Marriott Fort Lauderdale Weston, (herein sometimes referred to as "Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 USC § 12181, *et seq*. ("ADA").

1

1. Plaintiff, DISABLED PATRIOTS OF AMERICA, INC., is a not for profit corporation formed under the laws of the State of Florida. DISABLED PATRIOTS OF AMERICA, INC. maintains its principal office at 9691 Collins Road, Fenwick, MI 48834, in the County of Montcalm.

2. Plaintiff, RUDOLPH BETANCOURT, is an individual residing in Fenwick, MI, in the County of Montcalm.

3. Defendants' property, Courtyard by Marriott Fort Lauderdale Weston, is located at 2000 North Commerce Pkwy., Weston, FL 33326, in the County of Broward.

4. Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs. The Defendants' property is located in and does business within this judicial district.

5. Pursuant to 28 USC § 1331 and 28 USC § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 USC § 12181, et seq. See also, 28 USC § 2201 and § 2202.

6. Plaintiff, DISABLED PATRIOTS OF AMERICA, INC., is a non-profit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities.

7. DISABLED PATRIOTS OF AMERICA, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to comply with the requirements of the ADA. One or

more of its members has suffered an injury that would allow it to bring suit in its own right. DISABLED PATRIOTS OF AMERICA, INC. has also been discriminated against because of its association with its disabled members and their claims.

8. Rudolph Betancourt is a Michigan resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Betancourt is a double amputee who uses either prosthetic devises and/or a wheelchair for mobility. Mr. Betancourt is a member of the Plaintiff's organization, DISABLED PATRIOTS OF AMERICA, INC., discussed above in paragraph 6.

9. Mr. Betancourt stayed as a hotel guest at the subject hotel, which forms the basis of this lawsuit, on October 10, 2021, in conjunction with attending his son's baseball and tryout for minor league baseball which was held at the Weston Regional Park in Weston, FL. He will be returning to the park for his son's baseball tryouts in March 2022, and thereafter. Mr. Betancourt also comes often to South Florida to see family and friends, including many friends from the Marines. Mr. Betancourt stays often in the Weston area. Mr. Betancourt would return to the subject hotel in the near future if it were made accessible for his use.

10. The barriers to access as set forth herein at the subject property have endangered his safety.

11. Defendants own, lease, (or lease to), or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or lease to is known as Courtyard by Marriott Fort Lauderdale Weston, and is located at 2000 North Commerce Pkwy., Weston, FL 33326.

12. DISABLED PATRIOTS OF AMERICA, INC. and Rudolph Betancourt have a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the property as described but not necessarily limited to the allegations in paragraph 14 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Mr. Betancourt desires to visit Courtyard by Marriott Fort Lauderdale Weston, not only to avail himself of the goods and services available at the property, but to assure himself that the property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

13. The Defendants have discriminated against the individual Plaintiff, and the members of the corporate Plaintiff organization, by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 USC § 12182 et seq.

14. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Courtyard by Marriott Fort Lauderdale Weston has shown that violations exist. These violations which Rudolph Betancourt personally encountered or observed, and which were confirmed by an ADA expert include, but are not limited to:

**Parking**

A. There is no marked access aisle adjacent to the vehicle pull-up space of the passenger loading zone making it difficult for the Plaintiff to safely traverse to the lobby, in violation of Sections 503.3 and 503.3.3 of the 2010 ADA Standards, whose resolution is readily achievable.

### Entrances

A. The main lobby entrance does not provide the international symbol of accessibility or directional signage making it difficult for the Plaintiff to identify the accessible entrance, in violation of Sections 216.4.3, 216.6, and 703.7.2.1 in the 2010 ADA Standards, whose resolution is readily achievable.

### Common Lobby Area

A. The counter seating to consume food or drinks exceed the maximum height requirement of 34 inches above the finish floor to the top of the table surface making it difficult for the Plaintiff to utilize, in violation of Section 902.3 in the 2010 ADA Standards, whose resolution is readily achievable.

B. The tables do not provide complaint knee and toe clearance as required making it difficult for the Plaintiff to utilize, in violation of Sections 306.2 and 306.3 in the 2010 ADA Standards, whose resolution is readily achievable.

C. The high top tables exceed the maximum height requirement of 34 inches above the finish floor making it difficult for the Plaintiff to utilize, in violation of section 902.3 in the 2010 ADA Standards, whose resolution is readily achievable.

D. The dining area does not provide at least 5% of complaint seating as required making it difficult for the Plaintiff to utilize in violation of Section 226.1 in the 2010 ADA Standards, whose resolution is readily achievable.

E. The bar counter exceeds the maximum height requirement of 34 inches above the finish floor and does not provide a lowered section of the counter making it difficult for the Plaintiff to utilize, in violation of Section 902.3 in the 2010 ADA Standards, whose resolution is readily achievable.

### Fitness Center

A. The pull door does not provide 18 inches of latch side clearance parallel to the doorway due to the obstruction of the water dispenser making it difficult for the Plaintiff to utilize, in violation of Section 404.2.4.1 in the 2010 ADA Standards, whose resolution is readily achievable.

B. The towel shelf exceeds the maximum height requirement of 48 inches above the finish floor making it difficult for the Plaintiff to utilize, in violation of Sections 308.2, 308.3, and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

### Accessible Public Men's Restroom

A. The trash receptacle is obstructing the clear floor space for an approach to the paper towel dispenser making it difficult for the Plaintiff to utilize, in violation of Sections 305.3 and 305.5 in the 2010 ADA Standards, whose resolution is readily achievable.

B. The soap dispenser in the toilet compartment exceeds the maximum height requirement of 48 inches above the finish floor to the operable mechanism making it difficult for the Plaintiff to utilize, in violation of Sections 308.2, 308.3, and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

C. The Plaintiff had to use caution when using the lavatory due to the water supply lines underneath the lavatory being exposed and not insulated as required, in violation of Section 606.5 in the 2010 ADA Standards, whose resolution is readily achievable.

D. The trash receptacle is obstructing the toilet's 60 inches of perpendicular clearance from the side wall making it difficult for the Plaintiff to utilize, in violation of Sections 604.3.1 and 604.3.2 in the 2010 ADA Standards, whose resolution is readily achievable.

E. The toilet compartment door is not self-closing as required making it difficult for the Plaintiff to utilize, in violation of Section 604.8.1.2 in the 2010 ADA Standards, whose resolution is readily achievable.

F. The toilet paper dispenser is not in the required range from the front rim of the toilet of 7 inches minimum and 9 inches maximum making it difficult for the Plaintiff to utilize, in violation of Section 604.7 in the 2010 ADA Standards, whose resolution is readily achievable.

G. The toilet compartment door does not provide a u-pull both on the inside and outside of the door making it difficult for the Plaintiff to utilize, in violation of Section 604.8.1.2 in the 2010 ADA Standards, whose resolution is readily achievable.

### Accessible Guest Room 217

A. The chair is obstructing the clear floor space for an approach to the standing lamp's operable mechanism making it difficult for the Plaintiff to utilize, in violation of Sections 305.3 and 305.5 in the 2010 ADA Standards, whose resolution is readily achievable.

B. The trash receptacle is obstructing the clear floor space for an approach to the lavatory making it difficult for the Plaintiff to utilize, in violation of Sections 305.3, 305.5, 606.2, and 804 in the 2010 ADA Standards, whose resolution is readily achievable.

C. The Plaintiff had to use caution when using the lavatory due to the drain pipe and water supply lines underneath the lavatory being exposed and not insulated as required, in violation of Section 606.5 in the 2010 ADA Standards, whose resolution is readily achievable.

D. The rear wall grab bar for the water closet is missing making it difficult for the Plaintiff to utilize, in violation of Section 604.5.2 in the 2010 ADA Standards, whose resolution is readily achievable.

E. The towels on the rack are obstructing the side wall grab bars 12 inches of spacing above making it difficult for the Plaintiff to utilize, in violation of Section 609.3 in the 2010 ADA Standards, whose resolution is readily achievable.

F. The trash receptacle is obstructing the toilet's 60 inches of perpendicular clearance from the side wall making it difficult for the Plaintiff to utilize, in violation of Sections 604.3.1 and 604.3.2 in the 2010 ADA Standards, whose resolution is readily achievable.

G. The toilet paper dispenser is not in the required range from the front rim of the toilet of 7 inches minimum and 9 inches maximum making it difficult for the Plaintiff to utilize, in violation of Section 604.7 in the 2010 ADA Standards, whose resolution is readily achievable.

H. The back wall grab bar in the standard roll-in shower with a permanent seat is not in the compliant location making it difficult for the Plaintiff to utilize, in violation of section 608.3.2 in the 2010 ADA Standards, whose resolution is readily achievable.

I. The shower spray unit exceeds the maximum height requirement of 48 inches above the finish floor to the operable mechanism making it difficult for the Plaintiff to utilize, in violation of Sections 608.2, 608.3, and 609.3 in the 2010 ADA Standards, whose resolution is readily achievable.

J. The soap dispensers in the standard roll-in exceed the maximum height requirement of 48 inches above the finish floor to the operable mechanism making it difficult for the Plaintiff to utilize, in violation of Sections 308.3, 308.3, and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

K. The sliding door to the patio has a threshold that exceeds the maximum requirement for a vertical change in level of ¼ inch making it difficult for the Plaintiff to traverse, in violation of Sections 303.2 and 404.2.5 in the 2010 ADA Standards, whose resolution is readily achievable.

**Lack of Complaint Disabled Rooms Properly Disbursed**

A. The subject hotel lacks the required number of complaint disabled rooms, and the disabled rooms are not dispersed amongst the various classes of guest rooms, in violation of Section 224.5 of the 2010 ADAAG.

**Maintenance**

    A.    The accessible features of the facility are not maintained, creating barriers to access for Rudolph Betancourt, as set forth herein, in violation of 28 CFR 36.211.

15. All of the foregoing cited violations are violations of both the 1991 Americans with Disabilities Act Guidelines (ADAAG) and the 2010 Standards for Accessible Design, as adopted by the Department of Justice.

16. The discriminatory violations described in paragraph 14 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA as set forth herein. The Plaintiff, members of the Plaintiff group, and all other individuals similarly-situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The Plaintiff, members of the Plaintiff group and all others similarly-situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

17. Defendants have discriminated against the Plaintiff by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 USC § 12181, et seq. and 28 CFR 36.302, et seq. Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges,

       advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

18. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

19. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 USC § 12205 and 28 CFR 36.505.

20. Defendants are required to remove the existing architectural barriers to the physically disabled, when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

21. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer

9

employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

22. Pursuant to 42 USC § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter Courtyard by Marriott Fort Lauderdale Weston, to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure its violations of the ADA.

WHEREFORE, Plaintiff respectfully requests:

A. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 USC § 12181 et seq.

B. Injunctive relief against the Defendants, including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and useable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

C. An award of attorney's fees, costs and litigation expenses pursuant to 42 USC § 12205.

D. The Order shall further require the Defendants to maintain the required accessible

    features on an ongoing basis.

E.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted,

/s/John P. Fuller
John P. Fuller, Esq., FL Bar No. 0276847
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
jpf@fullerfuller.com

Brandon A. Rotbart, Esq., Of Counsel
FL Bar No. 124777
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 – Facsimile
Rotbart@rotbartlaw.com

*Counsel for Plaintiffs Disabled Patriots of America, Inc. and Rudolph Betancourt*